# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER and KAREN L. BEVER,<br><br>Plaintiffs<br><br>v.<br><br>CITIMORTGAGE, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, and DOES 1-10 inclusive,<br><br>Defendants | CASE NO. 1:18-CV-1561 AWI SKO<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS AND ORDER REGARDING PLAINTIFFS' MOTION TO AMEND<br><br>(Doc. No. 6) |

This is an interpleader action related to two previous deed of trust foreclosure actions. Currently before the Court is Defendants CitiMortgage, Inc. ("Citi") and Federal National Mortgage Association ("Fannie Mae")'s motion to dismiss. Hearing on this motion was set for January 14, 2019. In violation of the Local Rules, Plaintiffs failed to file an opposition or notice of non-opposition. See Local Rule 230(c). Instead, on January 10, 2019, Plaintiffs filed a motion to amend the Complaint pursuant to Rule 15 and set a hearing date of February 14, 2019.[1] On January 10, 2019, the Court vacated the January 14, 2019 hearing date and took Defendants' motion to dismiss under submission. The Court now issues this order, which grants Defendants' motion to dismiss, vacates the hearing on the motion to amend, and sets a new briefing schedule on the motion to amend.

---

[1] On December 10, 2018, this case was reassigned from the docket of Chief District Judge O'Neill to the docket of the undersigned. See Doc. No. 10. That order instructed that all future filings were to use case number 1:18-cv-1561 AWI SKO. See id. Plaintiffs violated the Court's order by filing their motion to amend under the old case number in the docket of Judge O'Neill. Plaintiffs are instructed again that this case is no longer assigned to Judge O'Neill, and that Plaintiffs are to make all future filings with the correct case number, 1:18-cv-1561 **AWI SKO**, which reflects that this case is part of the undersigned's docket.

# RULE 12(b)(6) FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). ""Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Somers, 729 F.3d at 960. The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Levitt v. Yelp! Inc.,

765 F.3d 1123, 1135 (9th Cir. 2014). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).

## BACKGROUND

Plaintiffs are the borrowers on a note and deed of trust for real property located at 466 W. Tenaya Ave., Clovis, CA ("the Property"). The lender was First Pacific Financial, Inc. This is the third case filed by Plaintiffs in this court related to the deed of trust.[2]

The Complaint states that Defendant Citi holds itself out as the servicer and owner of the debt on the Property; Defendant Fannie Mae claims that it is the owner of the debt by virtue of an assignment of the deed of trust; on May 6, 2004, Plaintiffs rescinded the mortgage loan pursuant to 15 U.S.C. § 1635; Citi initiated non-judicial foreclosure proceedings in June 2011; Citi and Fannie Mae have made competing claims to the debt; in November 2018, about $100,000 of unpaid principal remained on the loan; Plaintiffs do not know whether Citi or Fannie Mae is entitled to payment; and Plaintiffs will deposit funds upon determination of the party entitled to payment of the $100,000. See Complaint ¶¶ 7-18.

## I. DEFENDANTS' MOTION TO DISMISS

*Defendants' Argument*

Defendants argue *inter alia* that there are no adverse claims. Plaintiffs have merely created

---

[2] In the first case, *Bever v. Cal-Western Reconveyance Corp.*, 1:11-cv-1584 AWI SKO, Plaintiff Glenn Bever alleged claims of quiet title, fraud, unjust enrichment, violations of the federal 15 U.S.C. § 1692 and violations of 12 U.S.C. § 2601 against Citi, Cal-Western Reconveyance Corp., and Mortgage Electronic Registration Services, Inc. The Court either dismissed all claims under Rule 12(b)(6) or granted summary judgment in favor of the defendants. In the second case, *Bever v. Quality Loan Serv. Corp.*, 1:16-cv-0079 AWI BAM, Plaintiff Glenn Bever alleged violations of 15 U.S.C. § 1692 and the California Rosenthal Fair Debt Collections Practices Act against Quality Loan Service Corp. and Citi and requested declaratory relief. The Court granted a default judgment in favor of the defendants. In part, the Court held that the dismissals in Bever's first case acted as *res judicata* to Glenn Bever alleging rescission of the note and deed of trust under 15 U.S.C. § 1635 (the Truth In Lending Act). The Ninth Circuit affirmed the judgments against Plaintiff Glenn Bever in both cases. See Bever v. CitiMortgage, Inc., 708 F. App'x 361 (9th Cir. 2017); Bever v. Quality Loan Serv. Corp., 708 F. App'x 341 (9th Cir. 2017). The Court takes judicial notice of the dockets in *Bever v. Cal-Western Reconveyance Corp.* and *Bever v. Quality Loan Serv. Corp.* See In re Icenhower, 755 F.3d 1130, 1142 (9th Cir. 2014).

1 an artificial fund with fictional adverse claimants.  Plaintiffs rely on the claim that they rescinded
2 the deed of trust in 2004, but that claim has been rejected by several courts.  Further, Plaintiffs
3 make only a bare assertion that Defendants have made competing claims to funds.  However, this
4 joint motion undercuts any notion of competing claims.  Finally, the $100,000 amount is fictional
5 because it is based on a valid rescission in 2004.

*Plaintiffs' Opposition*

Plaintiffs have filed no opposition to Defendants' motion.

*Discussion*

"The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund."  Lee v. West Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012); Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010).  Under Federal Rule of Civil Procedure 22, "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."  Fed. R. Civ. P. 22(a)(1).[3]  In an interpleader action, the Court must determine whether there is a single fund at issue and whether there are adverse claimants to that fund.  Lee, 688 F.3d at 1009; Mack, 619 F.3d at 1024; see also Bradley v. Kochenash, 44 F.3d 166, 168 (2d Cir. 1995) (holding under Rule 22 that a "prerequisite for permitting interpleader is that two or more claimants be 'adverse' to each other.").

Contrary to the allegations in the Complaint, there are no adverse claims as between Citi and Fannie Mae.  First, two recorded assignments of the deed of trust indicate that in 2011, Citi transferred its interest in the deed of trust to Fannie Mae, but in 2015, Fannie Mae transferred the interest in the deed of trust back to Citi.  See Defendants' Request for Judicial Notice Exs. 7, 8.[4]  Thus, the recorded assignments show that for over three years, Fannie Mae has not had any

---

[3] An interpleader action may be brought under 28 U.S.C. § 1335 or through Rule 22.  See Libby, McNeill & Libby v. City Nat'l Bank, 592 F.2d 504, 507 n.3 (9th Cir. 1978).  However, Plaintiffs in this case invoke only Rule 22.  See Doc. No. 1.

[4] Defendants request that the Court take judicial notice of 31 documents, all of which are either filings in other courts or documents that have been recorded in the Fresno County Recorder's office.  In the absence of any opposition, the Court will grant Defendants' Request for Judicial Notice.  See Fed. R. of Evid. 201; In re Icenhower, 755 F.3d at 1142; Dougherty v. Bank of Am., N.A., 177 F.Supp.3d 1230, 1237 n.1 (E.D. Cal. 2016).

4

1 | interest in the deed of trust.  Second, Citi and Fannie Mae are represented by the same counsel,
2 | Citi and Fannie Mae are both moving for dismissal under a single motion, Citi and Fannie Mae
3 | both submit and rely on the same judicially noticeable public records, and Citi and Fannie Mae
4 | both make the same contention/representation in the motion to dismiss that there are no adverse
5 | claims between them.  See Doc. No. 6.  If there were truly adverse claims being made to any funds
6 | or interest in the deed of trust, then Citi and Fannie Mae would be represented by different counsel
7 | and would be arguing for a superior interest in the funds/deed of trust.  Cf. Newman v. Bank of
8 | N.Y. Mellon, 2017 U.S. Dist. LEXIS 163257, *17 (E.D. Cal. Sept. 29, 2017) (continuing to find
9 | that an allegation of robo-signing was implausible as between two defendants where the
10 | defendants were represented by the same counsel and filed a joint motion to dismiss).  Third, there
11 | are no allegations that describe the adverse claims made by Citi and Fannie Mae.  In light of the
12 | judicially noticed assignments of the deed of trust in 2011 and 2015, without a description of how
13 | the claims are adverse or a description how or what competing claims were actually made to the
14 | Plaintiffs by Citi and Fannie Mae, the allegation that Citi and Fannie Mae have asserted competing
15 | claims is conclusory.

Therefore, in the absence of any opposition, and considering the judicially noticeable documents and the representations made as part of a joint defense/motion by Fannie Mae and Citi, the Court concludes that the Complaint's allegation of adverse claims by Fannie Mae and Citi are conclusory and implausible and that no valid interpleader claim is stated.[5]  See Lee, 688 F.3d at 1009; Seven Arts, 733 F.3d at 1254.

## II.     PLAINTIFFS' MOTION TO AMEND

Plaintiffs' motion to amend includes a proposed amended complaint ("PAC").  Of note, the PAC contains only two claims:  defamation and intentional infliction of emotional distress.  The interpleader claim and requested interpleader relief are not part of the PAC.  In other words,

---

[5] Additionally, Plaintiff Karen Bever filed bankruptcy six days after *Bever v. Cal-Western Reconveyance* was filed in 2011, and Plaintiffs initiated further bankruptcy proceedings in 2016 and 2018, in which issues concerning the deed of trust and ownership of the Property were raised.  See Doc. No. 7 at Exs. 12, 13, 21-31.  The 2018 bankruptcy proceedings cast significant doubt about the plausibility of the allegation that Plaintiffs have a fund of $100,000 to interplead.  Without a valid fund, there is no basis for interpleader.  See Lee, 688 F.3d at 1009.

Plaintiffs appear to be abandoning their interpleader claims in favor of two state tort claims. Given the nature of the PAC, the Court will dismiss the interpleader claim without leave to amend.

The motion to amend was noticed for hearing on February 14, 2019. The Court will vacate that date, set a briefing schedule, and then rule on the motion to amend once briefing is complete.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 6) is GRANTED;
2. Plaintiffs' interpleader claim is DISMISSED without leave to amend;
3. Defendants shall file a response to Plaintiff's motion to amend within ten (10) days of service of this order;
4. Plaintiffs shall file a reply to Defendants' response within five (5) days of service of the response;[6] and
5. The February 14, 2019, hearing on Plaintiffs' motion to amend is VACATED.

IT IS SO ORDERED.

Dated: January 11, 2019

_____
SENIOR DISTRICT JUDGE

---

[6] Plaintiffs' PAC continues to argue that they rescinded their loan in May 2004. To the extent that Plaintiffs rely on this point for any claims they intend to pursue, Plaintiffs must address why principles of *res judicata* and/or collateral estoppel do not apply to foreclose such a contention/claim. See Bever v. CitiMortgage, Inc., 708 F. App'x 361 (9th Cir. 2017); Bever v. Quality Loan Serv. Corp., 2016 U.S. Dist. LEXIS 44249 (E.D. Cal. Mar. 30, 2016); see also McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004) (discussing elements of collateral estoppel).