# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN W. BEVER and KAREN L. BEVER,<br><br>Plaintiffs<br><br>v.<br><br>CITIMORTGAGE, INC., FEDERAL NATIONAL MORTGAGE ASSOCIATION, and DOES 1-10 inclusive,<br><br>Defendants | CASE NO. 1:18-CV-1561 AWI SKO<br><br>**ORDER ON PLAINTIFFS' MOTION TO AMEND**<br><br>(Doc. No. 13) |

In November 2018, Plaintiffs filed this action as an interpleader. See Doc. No. 1. On January 11, 2019, the Court granted a motion to dismiss and dismissed the interpleader claim without leave to amend. See Doc. No. 15. However, on January 10, 2019, Plaintiffs filed a motion to amend. See Doc. No. 13. As part of the ruling on the motion to dismiss, the Court set a briefing schedule on the motion to amend. See Doc. No. 15. All briefing has now been received, in addition to a proposed amended complaint. After considering the parties' submissions, and for the reasons that follow, the Court will deny the motion to amend and close this case.

## **BACKGROUND**

Plaintiffs are the borrowers on a note and deed of trust for real property located at 466 W. Tenaya Ave., Clovis, CA ("the Property"). The lender was First Pacific Financial, Inc. This is the third case filed by Plaintiffs in this court related to the deed of trust.[1]

---

[1] The other two cases are *Bever v. Cal-Western Reconveyance Corp.*, 1:11-cv-1584 AWI SKO and *Bever v. Quality loan Serv. Corp.*, 1:16-cv-0079 AWI BAM.

1 | The Complaint alleged that Defendant Citi holds itself out as the servicer and owner of the debt on the Property; Defendant Fannie Mae claims that it is the owner of the debt by virtue of an assignment of the deed of trust; on May 6, 2004, Plaintiffs rescinded the mortgage loan pursuant to 15 U.S.C. § 1635; Citi initiated non-judicial foreclosure proceedings in June 2011; Citi and Fannie Mae have made competing claims to the debt; in November 2018, about $100,000 of unpaid principal remained on the loan; Plaintiffs do not know whether Citi or Fannie Mae is entitled to payment; and Plaintiffs will deposit funds upon determination of the party entitled to payment of the $100,000. See Complaint ¶¶ 7-18. The Complaint alleged a single claim under Federal Rule of Civil Procedure 22 for interpleader.

The proposed amended complaint continues to allege that Plaintiffs rescinded the mortgage on May 6, 2004, that Citi initiated foreclosure in June 2011, and that City and Fannie Mae have asserted competing claims to Plaintiffs' debt. The proposed amended complaint adds that Plaintiffs learned that a trustee's sale occurred on December 2, 2018; Plaintiffs sent a demand letter to the loan servicer which stated that the trustee's sale was void and that a deed upon sale should not be recorded; the servicer never responded; on December 3, 2018, Fannie Mae posted on the door of Plaintiffs' home that it was the new owner of the property; the notice is false because Fannie Mae is not the owner; Fannie Mae's agent has contacted plaintiffs on December 3, December 17, and January 17, with the intent to eject the Plaintiffs from the property by taking a "case-for-keys" deal; and Plaintiffs have suffered stress, sleepless nights, anxiety, etc. due to the imminent threat of losing possession of their home through a wrongful eviction.

From these new allegations, Plaintiffs allege two state claims for libel and intentional infliction of emotional distress ("IIED"). The IIED claim is based on Defendants' claim concerted efforts to claim ownership of the home and threatening to evict Plaintiffs. The libel claim is based on the Defendants posting a notice on the property's front door that Fannie Mae now owns the property.

# RULE 15(d) FRAMEWORK[2]

Federal Rule of Civil Procedure 15(d) provides in part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Thus, "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998); see also Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) (explaining that Rule 15(d) applies to pleadings that are "based on facts that occurred *after* the filing of the original complaint) (emphasis in original). Whether to allow a supplemental pleading is "addressed to the sound discretion of the [court.]" United States v. Reiten, 313 F.2d 673, 675 (9th Cir. 1963). Rule 15(d) is "a tool of judicial economy and convenience" that aids in awarding near complete relief without the need of filing a separate lawsuit; "[i]ts use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988). However, Rule 15(d) "cannot be used to introduce a separate, distinct, and new cause of action." Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). While a "transactional test" is not mandated, there must be "some relationship" between the newly alleged claims and the original action. Keith, 858 F.2d at 474. Additionally, while the Ninth Circuit has not expressly addressed the issue, courts often look to factors relevant to amendments under Rule 15(a) in decide: undue delay, prejudice, bad faith, and futility. E.g. Flathead Irrigation Dist. v. Jewell, 121 F.Supp.3d 1008, 1022-23 (D. Mont. 2015); Yates v. Auto City 76, 299 F.R.D. 611, 613-14 (N.D. Cal. 2013); Oregon Natural Desert Ass'n v. McDaniel, 282 F.R.D. 533, 537 (D. Or. 2012).

# MOTION TO AMEND

*Plaintiffs' Argument*

Plaintiffs argue they have sought to enjoin void foreclosure proceedings and filed the

---

[2] Plaintiffs' motion to amend cited to and relied on Rule 15(a). Because the proposed complaint is based on events that post-date the filing of the original complaint, Rule 15(d) governs Plaintiffs' motion to amend. See Fed. R. Civ. P. 15(d); Eid, 621 F.3d at 874. However, as discussed above, courts often look to Rule 15(a) considerations in deciding a Rule 15(d) motion. See Flathead Irrigation Dist. v. Jewell, 121 F.Supp.3d 1008, 1022-23 (D. Mont. 2015).

interpleader complaint because Citi and Fannie Mae have competed for payment on the loan. There is no trustee's deed upon sale and the foreclosure trustee indicates that the sale has been rescinded. However, after the filing of the interpleader, Defendants have harassed Plaintiffs and promulgated false information to third parties. Under Rule 15(a), amendment to address Defendants recent conduct is appropriate because there is no bad faith, undue delay, or prejudice to defendants, and amendment is not futile.

In reply, Plaintiffs contend that the original complaint was filed to enjoin defendants from foreclosing so that payment could be tendered to the proper party. The amended complaint is related to the original complaint because the new conduct is exactly what Plaintiffs sought to avoid, the wrongful taking of their property. Judicial efficiency would be promoted by permitting amendment, since the parties have been served and appraised of the allegations against them. Defendants will not be harmed since they will have to answer for their conduct, either through this suit or a new lawsuit. Further, there is no bad faith through prior attempts to resist a wrongful foreclosure, and while Plaintiffs are not alleging a contempt of bankruptcy stay, they do contend that Defendants lacked the authority to proceed with a trustee sale in light of the bankruptcy of Steven Lucore (who had an interest in the property).

*Defendants' Opposition*

Defendants argue *inter alia* that Rule 15(d), not Rule 15(a), governs Plaintiffs' motion to amend. Rule 15(d) prohibits amendments that introduce new separate and distinct claims. This case started as an interpleader matter, but now the proposed complaint only asserts two state law torts. The interpleader claim is dropped and the torts of IIED and defamation are not related interpleader. Under Rule 15(d), supplementation should not be permitted.

*Discussion*

As explained above, the original complaint was a complaint in interpleader action. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." Lee v. West Coast Life Ins. Co., 688 F.3d 1004, 1009 (9th Cir. 2012); Mack v. Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010). In an interpleader action, the Court must determine whether there is a single fund at issue and whether there are

4

adverse claimants to that fund. Lee, 688 F.3d at 1009; Mack, 619 F.3d at 1024. Thus, the original complaint was about Citi and Fannie Mae making competing demands to what Plaintiffs alleged to be a $100,000 fund.

The proposed complaint drops the claim of interpleader entirely, which represents a drastic change to the nature of the case. Instead of determining whether Citi or Fannie Mae is entitled to the $100,000 fund, the Court or a jury now will have to determine if Citi or Fannie Mae are liable to Plaintiffs under two common law tort theories, and if so, what damages the Plaintiffs are to recover from Citi or Fannie Mae. Any questions concerning entitlement to the $100,000 fund are erased. Whether there are competing claims to an existing $100,000 fund is not relevant to whether City or Fannie Mae defamed Plaintiffs or intentionally inflicted emotional distress. In short, the case is completely transformed from a dispute about an existing fund, into a traditional tort case. Plaintiffs cite no authority that has granted a Rule 15(d) motion under similar circumstances. Because of the fundamental transformation of this case that would occur by permitting the supplemental complaint, permitting supplementation runs afoul of *Neely*'s prohibition against using Rule 15(d) "to introduce a separate, distinct, and new cause of action." Neely, 130 F.3d at 402.[3] Therefore, Plaintiff's motion to amend will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. No. 13) is DENIED; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: March 7, 2019

_____
SENIOR DISTRICT JUDGE

---

[3] Plaintiffs contend that *Neely* is factually distinguishable. The Court agrees. However, it is the general legal principle that *Neely* endorses, rather than the unique fact pattern to which that principle was applied, that is relevant to this case.

5